**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY ONOFRE ARCOS TASIGCHANA, | Civil Action No. 26-6013 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition challenging his prolonged immigration detention. (ECF No. 1.) Following an order to answer, the Government filed opposition to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the following reasons, Petitioner's habeas petition shall be granted, and Petitioner shall be accorded a bond hearing before an immigration judge within ten days at which the Government bears the burden of proving that he is either a danger to the community or flight risk by clear and convincing evidence.

I.   **BACKGROUND**

As this Court explained in addressing Petitioner's previous habeas petition,

> Petitioner is a native and citizen of Ecuador who crosse the border into the United States without admission or inspection on May 19, 2024. Shortly after crossing the border, Petitioner was taken into custody by immigration officials and found inadmissible pursuant to 8 U.S.C. § 1225(b)(1). Petitioner was then initially issued an order of expedited removal pending the outcome of a credible fear interview. Following his interview on June 11, 2024, Petitioner was

> found to have a credible fear of torture if returned to his home country, and he was referred for full removal proceedings.
>
> Petitioner remained in immigration detention until July 1, 2024. On that date, Petitioner was paroled by the Government pursuant to its discretionary authority under 8 U.S.C. § 1182(d)(5)(A). . . . Petitioner remained on parole until December 6, 2025, at which time he was taken back into custody and returned to detention pursuant to § 1225(b)(1). Petitioner has remained detained since that time.

*Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *1 (Feb. 2, 2026).

On January 31, 2026, Petitioner was ordered removed to Ecuador by an immigration judge. (ECF No. 7-12 at 4-9.) Petitioner timely filed an appeal to the Board of Immigration Appeals, which remains pending at this time. (ECF No. 7-13.) In May, the Board issued a briefing schedule indicating that the appellate briefs for both Petitioner and the Government would be due on June 16, 2026. (*Id.* at 2.) Petitioner's appeal thus appears to have proceeded without undue delay, and is pending a decision from the Board at this time.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In his habeas petition, Petitioner seeks to challenge his continued detention under 8 U.S.C. § 1225(b)(1), which Petitioner contends has become so unduly prolonged as to amount to a denial

of Due Process.   Although this Court previously found that Petitioner is properly subject to mandatory detention under § 1225(b)(1) in light of his arrest shortly after crossing the border and parole, *see Arcos Tasigchana*, 2026 WL 266170, at *1-2, it does not follow that Petitioner may be held indefinitely without bond so long as he has yet to be removed.   As this Court recently explained,

> Although aliens subject to detention under § 1225(b)(1) "have only those rights regarding admission that Congress has provided by statute" and the Due Process clause does not provide for detailed review of those statutory proceedings, *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020), it does not follow that the Due Process clause is silent as to the rights of aliens to liberty following prolonged detention, especially where that alien was previously permitted to be at liberty on parole for a considerable period.
>
> Courts in this District have long presumed that aliens subject to prolonged detention under the statute have a liberty interest in release from detention which requires a bond hearing.  *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019). In so doing, courts have analogized mandatory detention under 1225(b) to the similar mandatory detention required for aliens who have qualifying criminal convictions under 8 U.S.C. § 1226(c).  *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-13 (3d Cir. 2020).  In *German Santos*, the Court of Appeals held that where an alien is subject to prolonged detention under the statute, that detention will eventually reach a point where it essentially becomes arbitrary in light of the purposes and presumptions underlying the statute. *Id.*  In the context of those with criminal convictions subject to detention under § 1226(c), detention "becomes more and more suspect after five months and in most cases will become "unreasonable sometime between six months and one year." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026).  Once the length of detention becomes suspect, a reviewing court must consider the length of detention and likelihood of lengthy continued condition, the similarity of Petitioner's conditions of confinement to criminal detention, and the Petitioner's responsibility for the length of his own detention in determining whether detention has become arbitrary in light of the purposes of § 1226(c). *German Santos*, 965 F.3d at 211.  Where those factors indicate that detention has become arbitrary, the alien is entitled to a bond hearing at which the

Government bears the burden of proving that further detention is necessary by showing that the Petitioner is a danger or flight risk by clear and convincing evidence. *Id.* at 213-14.

This Court agrees that, at a certain point, detention under § 1225(b)(1) will become so prolonged that it becomes arbitrary and Due Process will require a bond hearing. *Tuser E.*, 370 F. Supp. 3d 442-43. The question that remains, then, is at what point detention will become suspect. Although in the § 1226(c) context, detention will become arbitrary only after cresting five months, that length of time is based on the concept that the court can essentially presume that an alien convicted of qualifying crimes is a flight risk or danger to the community for the length of time it ordinarily would take to complete removal proceedings. *German Santos*, 965 F.3d at 209-10. The alien's criminal history is in that context providing the basis for the presumption which places a limits on his liberty interests in the § 1226(c) context.

Aliens detained under § 1225(b)(1) are not held based on a criminal history[.] The statute instead relies chiefly on the presumption that an alien with no clear right to admission into the United States is a flight risk and may therefore be detained for the relatively limited period of time required for him to receive an *expedited* order of removal. *See, e.g.,* 8 U.S.C. § 1225(b)(1)(A). Such proceedings are clearly intended to be considerably shorter than the general removal proceedings to which criminal aliens already in the United States are subject under § 1226(c), and the presumptive basis for mandatory detention under the statute is considerably weaker than that applicable to criminal aliens as it is based solely on the lack of legal status rather than past misdeeds. It therefore follows that detention under § 1225(b)(1) should become suspect far sooner than detention under § 1226(c).

*Martinez Olivo v. Soto*, No. 26-2122, 2026 WL 1265500, at *2-3. In light of the lesser justification for prolonged detention under § 1225(b)(1), this Court has found that detention in a jail-like detention facility for several months following a lengthy period of parole within the United States is sufficient to warrant the granting of a bond hearing. *Id.*

Like the petitioner in *Martinez Olivo*, Petitioner in this matter has been detained in a jail-like detention facility for an extended period of time following the end of his parole – at this point well over six months. Although it appears that Petitioner's appeal of his removal order should

now be fully briefed in light of the schedule entered by the BIA, Petitioner's detention without bond is likely to continue for a significant period while that appeal remains pending before the Board in light of the significant number of appeals the Board is currently facing.  As there is no evidence that Petitioner has in any way prolonged or otherwise delayed his removal proceedings and appeal other than by merely choosing to exercise his right to file an appeal with the Board, this Court finds that Petitioner's continued detention without bond has become so prolonged that it can no longer satisfy Due Process based solely on the presumption that he is a flight risk based on the manner of his entry in to the United States.  Petitioner's continued detention without a bond hearing has thus become so prolonged as to become arbitrary, and Petitioner is therefore entitled to a bond hearing under the Due Process clause.  *German Santos*, 965 F.3d at 213-14.  Petitioner's habeas petition shall therefore be granted, and he shall be provided such a bond hearing within ten days at which the Government bears the burden of proving he is a danger or flight risk by clear and convincing evidence.[1]

---

[1] Should Petitioner be granted release on bond, such a release shall not be construed as an admission into the United States for immigration purposes, and such release provides no legal status to remain in the United States which Petitioner did not already possess.  Release on bond would also not prevent the Government from eventually taking Petitioner into custody for the purposes of executing a final removal order should Petitioner's appeal be denied by the Board of Immigration Appeals.

**IV.**     <u>**CONCLUSION**</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**, and Petitioner shall be provided a bond hearing at which the Government bears the burden of demonstrating danger or flight risk by clear and convincing evidence within ten days.   An appropriate order follows.


Date: June 16, 2026

<u>        s/ Zahid N. Quraishi        </u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**