**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY ONOFRE ARCOS TASIGCHANA,<br>*Petitioner*,<br>v.<br>LUIS SOTO, *et al.*,<br>*Respondents*. | Civil Action No. 3:26-cv-06013 (ZNQ)<br>**MEMORANDUM ORDER** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on Petitioner's Motion to Enforce the Court's June 16, 2026 Order ("Motion" or "Mot."), which granted his Petition for a Writ of Habeas Corpus ("Petition") and directed a bond hearing before an Immigration Judge at which the Government would bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. (ECF No. 12.) Respondent opposes the Motion. (ECF No. 16.) Petitioner replied, requesting a decision. (ECF No. 17). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

On June 16, 2026, the Court granted Petitioner's Second Petition for a Writ of Habeas Corpus,[1] holding that his continued detention under 8 U.S.C. § 1225(b)(1)—by then exceeding six months, following an earlier period of parole—had become so prolonged that Due Process required

[1] The instant second petition followed the Court's denial of Petitioner's first habeas petition in *Arcos Tasigchana v. Soto*, No. 25-18252 (ZNQ), on February 2, 2026. *See Arcos Tasigchana v. Soto*, 2026 WL 266170, at *1–2 (D.N.J. Feb. 2, 2026). In that matter, the Court held that Petitioner remained subject to mandatory detention under 8 U.S.C. § 1225(b)(1) notwithstanding his intervening period of parole and that the Government's decision to terminate his parole was committed to its discretion. *Id.* at *2. The instant second petition challenged Petitioner's continued detention following his return to custody on December 6, 2025.

an individualized bond hearing. (ECF No. 9.) The Court ordered that hearing to occur within ten days and directed that the Government bear the burden of proving, by clear and convincing evidence, that Petitioner poses a flight risk or a danger to the community. (ECF No. 10.)

Petitioner appeared for that hearing on June 24, 2026 before Immigration Judge Corey Combs. (ECF No. 16-2.) The Government disclaimed any argument that Petitioner poses a danger to the community. (*Id*. at 9.) On flight risk, the Government relied on Petitioner's relatively recent entry into the United States, a January 31, 2026 order of removal that remained on timely appeal to the Board of Immigration Appeals, and a single notation in a Form I-213 stating that Petitioner had failed to report to a check-in kiosk on August 13, 2025. (*Id*. at 9-10.) Asked whether it had anything further to support that notation, the Government responded: "I don't have any other information to elaborate on that." (*Id*. at 10.) The record also reflected that Petitioner has a fixed address with his sister in New Jersey, continuous employment with the same employer since 2024, and sponsor documentation. (*Id*. at 7-8, 12.) The Immigration Judge found that the Government had met its burden and denied bond. (*Id*. at 12-13.)

Two days later, Petitioner submitted a letter requesting enforcement of the Court's June 16 Order, which the Court construed as a Motion to Enforce and directed the Government to answer, together with a transcript of the hearing. (ECF Nos. 12, 13.) The Government responded that the Court lacks jurisdiction to review the Immigration Judge's bond determination and that, in any event, the hearing was fundamentally fair. (ECF No. 16.) Petitioner replied that the hearing did not apply the burden this Court ordered, principally because the only individualized evidence of flight risk was the uncorroborated I-213 notation and because neither the Government nor the Immigration Judge addressed whether any condition of release could reasonably assure his appearance. (ECF No. 17.)

## II. LEGAL STANDARD

A district court that grants habeas relief retains authority to ensure that relief is not rendered illusory by directing compliance with its own order. That authority is bounded, however, by 8 U.S.C. § 1226(e), which forecloses judicial review of the Attorney General's discretionary custody and bond determinations.

Courts nonetheless retain jurisdiction to decide whether a bond hearing was fundamentally fair, which requires, at minimum, (1) fact-finding based on a record produced before the decisionmaker and disclosed to the detainee, (2) the opportunity to make arguments on the detainee's own behalf, and (3) an individualized determination of the detainee's interests. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Within that inquiry, courts may not reweigh evidence that was genuinely before the Immigration Judge or revisit a bona fide disagreement about the outcome. *Id*. at *2-3. Where, as here, the Court has ordered that a heightened evidentiary standard govern the hearing, clear and convincing evidence requires proof sufficient to produce a firm belief or conviction that the fact asserted is highly probable. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984); *Addington v. Texas*, 441 U.S. 418, 423-25 (1979). And because civil immigration detention is preventive rather than punitive, a finding of some abstract risk does not by itself justify continued confinement; the inquiry must also ask whether that risk can reasonably be managed short of detention. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020).

## III. DISCUSSION

Respondent is correct that the Court may not revisit the Immigration Judge's ultimate weighing of the evidence, and, properly understood, that is what Petitioner's motion asks the Court to do. (*See generally* Mot. at 2-4.) Petitioner does not contend that the Immigration Judge

considered no record evidence of flight risk; he contends that the evidence considered—principally, the I-213 notation regarding an alleged missed reporting appointment—was not, in his view, substantial enough to meet the clear-and-convincing standard once measured against the evidence favoring release. (*See id.*) That is a disagreement about the sufficiency and weight of record evidence, which is precisely what *Ghanem* places outside the Court's reach on a motion of this kind. *Ghanem*, 2022 WL 574624, at *2-3.

The record does not support the characterization of the hearing as lacking individualized, record-based fact-finding. (*See* ECF No. 16-2 at 6-13.) The Immigration Judge reviewed five exhibits, including Petitioner's own extensive evidentiary submission, heard argument from both sides, and walked through the record on the transcript before rendering a decision. (*See id.*) The Immigration Judge weighed the I-213 notation together with Petitioner's fixed address, sponsor documentation, employment history, and family ties and, considering the "totality of the circumstances," found that the Government had met its burden. (*Id.* at 13.) An I-213 is a presumptively reliable business record, and the Government's inability to elaborate further on one entry within it goes to how much weight that entry deserved against the countervailing evidence — a judgment committed to the Immigration Judge as factfinder, not one this Court may second-guess on a motion to enforce. *See* 8 U.S.C. § 1226(e).[2]

[2] The Court respectfully disagrees with the outcome of the June 24, 2026 hearing. Were the question before it in the first instance, the Court would have granted bond. The Government's showing of flight risk rested on a single, uncorroborated notation in a Form I-213 that it could not elaborate on, (ECF No. 16-2 at 9-10), and the record reflected a fixed address, continuous employment since 2024, and sponsor documentation, (*id.* at 7-8, 12). But Congress has provided that '[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.' 8 U.S.C. § 1226(e). Because the hearing the Court ordered was not fundamentally unfair, the Court's disagreement with how the Immigration Judge weighed the evidence does not permit it to second-guess that determination on a motion to enforce. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Ghanem*, 2022 WL 574624, at *2-3. This ruling reflects the limits of the Court's authority, not approval of the result.

Petitioner separately faults the Immigration Judge for not expressly cataloging conditions short of detention. (*See generally* Mot. at 2-4.) But a finding that a detainee poses a flight risk, reached after considering the totality of the circumstances, necessarily reflects a determination that continued detention is warranted notwithstanding the circumstances favoring release. Requiring an Immigration Judge to individually address and reject each hypothetical alternative on the record, rather than reaching a totality-based conclusion, would impose a procedural requirement beyond what *Ghanem*'s fundamental-fairness framework demands and would draw the Court further into reviewing the adequacy of the Immigration Judge's reasoning than § 1226(e) permits. *See Ghanem*, 2022 WL 574624, at *2–3; *Bastidas Cano v. Soto*, No. 25-18008 (SDW), slip op. at 2-3 (D.N.J. Jan. 8, 2026).

Petitioner received the individualized, adversarial hearing the Court's June 16, 2026 Order required, at which the Government bore the burden the Court set, and the Immigration Judge applied it. That the Immigration Judge weighed the record against Petitioner does not mean the hearing the Court ordered was not delivered; it means Petitioner did not prevail at it. The Court's review on this Motion does not extend to reexamining that outcome.

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS** on this 30th day of September, 2026,

**ORDERED** that Petitioner's Motion to Enforce (ECF No. 12) is **DENIED,** and it is further

**ORDERED** no further relief remains available in this action, and the Clerk of Court shall **CLOSE** this matter.

**SO ORDERED.**

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**